IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE BAILEY, III,

      Plaintiff,                     No. CIV S-04-2067 GEB EFB P

     vs.

PENNER, et al.,                    ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
      Defendants.

_____/

       Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. Plaintiff has filed a motion to amend his complaint.

       The procedural history in this case is convoluted and warrants clarification. Plaintiff filed his original complaint on September 30, 2004. By order filed April 7, 2005, that complaint was dismissed with leave to amend for failure to state a cognizable claim against any defendant. On June 16, 2005, the court vacated the order dismissing the original complaint because the court found that the complaint had been dismissed in error, screened the complaint, and found service appropriate for defendants Wedell, Turella, Penner, Latteri, and Farr. On that same day, plaintiff filed an amended complaint, and on August 2, 2005, requested leave to proceed on the amended complaint. The court screened the amended complaint and, by order filed December 28, 2005, found that the amended complaint stated a claim against defendants Turella, Penner,

Latteri, Howard, and Abrahamowitz. To date, service has been returned executed as to Turella, Howard, and Penner. Latteri and Abrahamowitz have not been served. On July 12, 2007, summons was returned unexecuted as to defendant Latteri because the defendant is deceased. On August 2, 2007, service was returned unexecuted as to defendant Abrahamowitz because that defendant was no longer working at the prison or an employee of the Department of Corrections. The U.S. Marshal noted that waiver of service was forwarded to the Office of the Attorney General and that on July 10, 2007, it was forwarded for personal service in San Diego.

On September 21, 2007, the court ordered that plaintiff may attempt again to serve defendant Abrahamowitz and had 90 days in which to do so. The Clerk was directed to send to plaintiff the appropriate forms for service. On October 2, 2007, the court ordered the Clerk to serve a copy of the USM-285 form for deceased defendant Latteri on plaintiff, thereby invoking the 90-day limit for filing a motion for substitution pursuant to Federal Rule of Civil Procedure 25(a)(1).

On November 7, 2007, plaintiff moved for leave to file an amended complaint, together with an amended complaint. Plaintiff states that he is seeking to add back in defendants Wedell and Farr, who were named in the original complaint and for whom the court had previously found that service was appropriate, but who were mistakenly omitted from the first amended complaint. In his proposed amended pleading, plaintiff names as defendants Penner, Letteri, Turella, Howard, Wedell, and Farr. On November 28, 2007, defendants filed an opposition to plaintiff's motion to amend.

Federal Rule of Civil Procedure Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Five factors are frequently used to determine when granting leave to amend is appropriate: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990). In this case, defendants argue that

plaintiff seeks to amend in bad faith because his motion is a thinly veiled attempt to reopen discovery. Defendants point to the procedural history of this case in support of this assertion. On October 16, 2007, plaintiff filed a motion to extend the October 10, 2007, discovery deadline. *See* Docket No. 55. On November 1, 2007, the court issued an order denying that motion because it was filed after the discovery deadline. *See* Docket No. 56. On November 14, 2007, plaintiff filed a motion for reconsideration of his motion to extend discovery. *See* Docket No. 58. In the instant motion and supporting declaration, plaintiff states that he has not received disclosures under F.R.C.P. Rule 26.[1] Pl.'s Decl., ¶ 7. Defendants have made a persuasive argument that plaintiff is merely seeking an extension of the discovery deadline, which was previously and specifically denied him by court order.

It is apparent that plaintiff's motion to amend is unduly delayed. His motion states that he seeks to amend because he mistakenly failed to name two defendants in his first amended complaint. Whether or not plaintiff's inadvertence caused him to omit certain defendants from his first amended complaint, the court's December 28, 2005, screening order put plaintiff on notice of the defendants for whom service was appropriate. Plaintiff now seeks to amend, more than two years later, without any explanation for the delay. The court finds that plaintiff has unduly delayed seeking leave to amend.

Courts appraise factor three, prejudice to the opposing party, as the most important factor. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The court finds that amendment at this date would prejudice defendants insofar as it would nullify previous discovery, burden defendants with necessary future discovery, and prolong the litigation in this case, which has been ongoing for three years. This finding of prejudice is sufficient for the court to deny granting plaintiff's motion for leave to amend.

////

---

[1] Defendants correctly point out that this proceeding is exempt from initial disclosures under Fed. R. Civ. P. Rule 26(a)(1)(E)(iv).

3

The court also considers the futility of amending at this point. Plaintiff does not explain how adding defendants will affect the claims that he raises in his amended complaint. His proposed second amended complaint ("Prop. Compl.") states that Dr. Wedell ordered an MRI when plaintiff requested one and treated him with muscle relaxers and administered a shot of painkiller to his spine. Prop. Compl., p. 5, ll. 19-22. Plaintiff claims that Dr. Farr evaluated plaintiff for back surgery, ordered an increase in his prescriptions together with a new prescription for a procedure to safely release spinal fluid. Prop. Compl., p. 5, ll. 24-29, p. 6, ll. 1-2. Plaintiff next alleges that Dr. Wedell ordered a back brace and soft shoes for plaintiff. Prop. Compl., p. 6, ll. 21-25. Plaintiff claims that Dr. Farr gave plaintiff a trigger-point injection for continual back pain on October 25, 2004. Prop. Compl. p. 8, ll. 25-26.

A prisoner who claims his Eighth Amendment guarantee against cruel and unusual punishment has been violated by inadequate medical care must allege that on a specific day an identified state actor with individual responsibility for obtaining or providing medical care knew the prisoner faced substantial risk of serious harm but deliberately disregarded the risk by failing to take reasonable measures resulting in avoidable persistent severe pain or avoidable substantial personal injury. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff fails to allege any sort of claim for a constitutional violation against these two doctors. His allegations prove the contrary; that these doctors provided competent and continuous care in keeping with his medical needs. Allowing plaintiff to amend his complaint to add these two defendants would be entirely futile as the court finds that he has failed to state a cognizable claim against them.

Finally, the court notes that plaintiff has previously amended his complaint as of right under Fed. R. Civ. P. Rule 15, and he must therefore seek leave of court to further amend his complaint. For the foregoing reasons, the court recommends denial of plaintiff's motion to amend.

////

Plaintiff has filed a motion for reconsideration of the court's order denying an extension of time as it was not timely filed. Pursuant to E.D. Local Rule 72-303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law."

Also before the court is defendants' December 12, 2007, motion for an extension of time within which to file pretrial motions. For the reasons set forth in defendants' motion, it is well-taken.

Good cause appearing, it is hereby ORDERED that:

 1. Defendants' December 12, 2007, motion for an extension of time in which to file pretrial motions is granted;

2. The order setting the last day to file pretrial motions on or before December 20, 2007, is vacated;

3. All pretrial motions must be filed on or before 30 days from the date of the district judge's order resolving these findings and recommendation.

Further, it is hereby RECOMMENDED that:

1.	Plaintiff's November 14, 2007, motion for reconsideration be denied; and

2.	Plaintiff's November 7, 2007, motion for leave to file a second amended complaint be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 21, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5