IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE BAILEY, III,

      Plaintiff,                      No. CIV S-04-2067 GEB EFB P

      vs.

J. WEDELL, et al.,

      Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This case proceeds on plaintiff's June 16, 2005 amended complaint against defendants Turella, Penner, and Howard for deliberate indifference to plaintiff's medical needs in violation of the Eighth Amendment. Presently pending is defendants' September 14, 2009 motion for summary judgment. Plaintiff has filed an opposition. Defendants did not file a reply. For the reasons stated, the court finds that the motion should be granted.

      Defendants previously moved for summary judgment in this action. *See* Dckt. Nos. 76, 77, 78. With respect to those motions, the court found as follows: 1) defendant Penner was not deliberately indifferent to plaintiff's serious medical needs by refusing to order an MRI; 2) defendant Turella was not deliberately indifferent to plaintiff's serious medical needs by rescinding an order for a back brace or a soft shoe chrono, or in denying a request for physical

therapy; and 3) defendant Howard was not deliberately indifferent to plaintiff's serious medical needs by deferring to the medical judgments of other physicians. Dckt. No. 105 at 11-16; Dckt. No. 111. However, the court directed defendants to file another pretrial motion to address plaintiff's arguments with respect to a second claim alleged in the complaint.

> In his verified complaint, plaintiff alleges that each defendant intentionally delayed plaintiff's medical treatment, which caused him to suffer for months and resulted in permanent injuries. Plaintiff claims that this delay "was a direct product of certain constitutionally deficient policies or practices" that were "tolerated or ignored by the [CDCR] or independently [by] the medical department." As plaintiff properly notes in his opposition briefs, defendants do not address these allegations in their motions. Nor do defendants address these allegations in their replies, as none were filed. The court could construe this as defendants' concession that issues remains for trial. However, the seemingly conclusory nature of the allegations in the second claim make it apparent that the claim should be addressed by a properly-filed pretrial motion and not left for a final pretrial statement or attacked in the guise of an in limine motion. Given the court's need to manage its docket to eliminate or narrow issues so that only those properly warranting trial proceed to trial, the court will grant defendants leave to file a single motion that addresses plaintiff's second claim for relief against each defendant.

Dckt. No. 105 at 17 (citations and footnote omitted). Accordingly, defendants filed the pending motion for summary judgment, arguing in relevant part that the second claim is not cognizable, and that defendants are therefore entitled to judgment as a matter of law. Dckt. No. 106 at 16-18.

In opposition, plaintiff argues that his second deliberate indifference claim against defendants is based on his allegations that defendants delayed plaintiff's initial back surgery after it was discovered he needed it, and that defendants then delayed plaintiff's second back surgery, which was required to correct a mistake that occurred during the first surgery. Dckt. No. 114 at 3. However, careful review of plaintiff's amended complaint fails to reveal any such allegations. Indeed, plaintiff alleged that he did not receive his initial back surgery until nine months after he had a consultation with a doctor regarding the surgery. Dckt No. 14 at 4-5. Plaintiff also alleged that the Attorney General's Office was contacted by the Prison Law Office to find out whether plaintiff was scheduled for surgery. *Id..* at 6. Further, plaintiff alleged that

x-rays showed that one of the screws used in the first surgery was not lined up correctly, and caused plaintiff extreme pain as a result. *Id.* at 7. Finally, plaintiff alleged he did not receive the second surgery until five months after his first surgery. *Id.* at 5, 7. However, plaintiff's amended complaint did not include any allegations linking defendants Penner, Turella or Howard to the allegations regarding the delays in receiving the back surgeries. The amended complaint did not allege any facts suggesting that defendants were deliberately indifferent to plaintiff's need for back surgeries, nor did it allege any facts regarding defendants and their involvement in ordering, scheduling or performing plaintiff's surgeries. *See id.* To the extent plaintiff claims that defendants indirectly contributed to the delay in receiving either of his two surgeries, for example, by not ordering an MRI, by denying plaintiff's request for physical therapy, or by deferring to the medical judgments of other physicians, those issues have already been adjudicated in defendants' favor. *See* Dckt. No. 105 at 11-16; Dckt. No. 111.

Thus, plaintiff's "Claim II," has either already been decided in defendants' favor, or is otherwise not cognizable because it is not supported by factual allegations linking defendants to a deprivation of plaintiff's constitutional rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As there are no further issues to be decided in this action, defendants are entitled to judgment and this action should be closed.

Accordingly, it is hereby RECOMMENDED that:

1. Defendants' September 14, 2009 motion for summary judgment be granted; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: August 30, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE